APPENDIX A
COMPLAINT FORMAT

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
_____ Eastern _____ DIVISION

(Name of Plaintiff) Katrina Morris
Plaintiff                                    :
                                             :
vs.                                          :        Civil Action No. 17-CV-258-B
                                             :
(Name of Defendant(s) Randolph              :
Defendant                County              :
                         Schools             :

**COMPLAINT**
(Double space text of complaint)

1.

(Grounds for jurisdiction)
~~Middle~~ district Court
         Eastern division

2.

(Show plaintiff's name(s) and residence or address)
Katrina Morris
1315 Leslie Lane
Anniston, al 36207

3.

(Show defendant(s) name(s) and address(es))
Randolph County schools
182 Circle Drive
Wedowee, al 36278

APPENDIX A (Cont'd)
COMPLAINT FORMAT

4.

(State briefly your legal claim or your reason for filing suit.   Include the statue under which the suit is filed.) I am subjected to discrimination because of my race and retaliated against in violation of Title VII of the Civil Rights Act of 1964.

42 U.S. Code 2000a

(Give a brief, concise statement of the specific facts involved in your case)

Retailtation after I filed EEOC Claim. The RCBOE did not choose me to interview for the Coordinator of Special education position. I was later granted an interview after attorney made phone calls.

(State the relief you are requesting.)

Promotion to a salary range of $69,413 - $80,969 that fits my resume and experience due to being overlooked because of my race and color for applied for promotional positions and damages for early leave during pregnancy.

_Katrine Morris_
(Signature and date), pro se

_1315 Leslie Lane_
(Address) Anniston, Al 36201

_256.223.1257_
(Phone Number)

Katrina Morris
Cause of Action

Court's jurisdiction: District Court, Eastern Division

Claim: I am subjected to discrimination because of my race and was retaliated against in violation of Title VII of the Civil Rights Act of 1964 as amended Title VII. The Randolph County Board of Education issued an unfavorable decision on June 16, 2015 when hiring for the position of Coordinator of Special Education. I was not granted an interview for the position until after reconsiderations was made by the hiring committee. Please see attachments.

Relief: I was pregnant during this situation, I had to go on medical/pregnancy leave early due to stress and complications of an at risk pregnancy. I would like the court to help aid in a promotion to a salary range of $69,413-$80,969 that fits my resume and experience due to being overlooked because of my race and color for applied for promotional positions; Damages for early leave during pregnancy; decease of retaliation.

Defendant: Randolph County Schools:
182 Circle Drive
Wedowee, Al 36278

Signature _Katrina Morris_

Address ___ 1315 Leslie Lane ___

        Anniston , Al 36207 ___

Phone 256.223.1257 ___

Cause of Action

Court's jurisdiction: District Court, Eastern Division

Claim: I am subjected to discrimination because of my race and was retaliated against in violation of Title VII of the Civil Rights Act of 1964 as amended Title VII. The Randolph County Board of Education issued an unfavorable decision on June 16, 2015 when hiring for the position of Coordinator of Special Education. I was not granted an interview for the position until after reconsiderations was made by the hiring committee. Please see attachments.

Relief: I was pregnant during this situation, I had to go on medical/pregnancy leave early due to stress and complications of an at risk pregnancy. I would like the court to help aid in a promotion to a salary range of $69,413-$80,969 that fits my resume and experience due to being overlooked because of my race and color for applied for promotional positions; Damages for early leave during pregnancy; decease of retaliation.

Defendant: Randolph County Schools:
182 Circle Drive
Wedowee, Al 36278

Signature  *Katrina Morris*

Address    1315 Leslie Lane

           Anniston , Al 36207

Phone 256.223.1257

**Anniston, AL 36207**                                    **1130 22nd Street**
                                                          **Birmingham, AL 35205**

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|--|--|--|--|
| EEOC Charge No. | EEOC Representative | | Telephone No. |
| **846-2015-30675** | **ANDRE D. WILLIAMS,** Investigator | | **(205) 212-2147** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other (briefly state)

<div align="center">

**- NOTICE OF SUIT RIGHTS -**
(See the additional information attached to this form.)

</div>

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission                                    **MAR 08 2017**

Enclosures(s)                    **Delner Franklin-Thomas,**                    (Date Mailed)
                                 **District Director**

cc:   **Randolph County Board of Education**
      **c/o Donald B. Sweeney, Jr.**
      **BRADLEY, ARANT, BOULT & CUMMINGS, LLP**
      **One Federal Place**
      **1819 - 5th Avenue North**
      **Birmingham, AL 35203**

Intake Information Group 1 1 1: 800 000 0000
Birmingham Status Line: 866-408-8075
Birmingham Direct Dial: (205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105
Website: www.eeoc.gov

Katrina Morris
1315 Leslie Lane
Anniston, AL 36207

Re:    *Katrina Morris v. Randolph County Board of Education*
       Charge Number 846-2015-30675

Dear Ms. Morris:

This correspondence is in reference to the above charge of discrimination and summarizes the facts obtained during the investigation of this charge. You allege that you were subjected to discrimination because of your race (African American) and retaliated against, in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII). I have reviewed and analyzed your response to the pre-determination letter.

According to the Randolph County Board of Education (RCBE), you were not chosen to interview for the Coordinator for Special Education position due to your lack of qualifications. RCBE asserts after Rosie O'Neal received a phone call from Attorney Solomon Seay, the Employment Committee granted you an interview. RCBE states that you were not one of the top three candidates.

According to the evidence, the position of Coordinator for Special Education was posted as position 15-09 on March 23, 2015. Evidence showed that you did not meet the minimum requirement for the position. The top three applicants (1 black female and 2 white females) were called back for a second round of interviews and given a task that dealt with special education. None of the three candidates passed the task. RCBE contends that the Special Education Committee reviewed the recommendations of the Employment Committee and decided that the qualifications be altered to attract a deeper pool of applicants with a broader knowledge of all facets in Special Education. The position was then republished on May 22, 2015 as position 15-27 with a minimum requirement of a Master's in any area of Special Education. Evidence showed that you did not meet the minimum requirement for the position. The new top three applicants (1 black female and 2 white females) were called back for a second round of interviews and given a task that dealt with special education. Elizabeth Bailey passed the task as the best and she was recommended to the Board for the position. According to the evidence, you do not hold a Master's in any Special Education area but Ms. Bailey holds a Master's in Speech Therapy Pathology.

The Commission cannot conclude that you were subjected to discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII). Enclosed you will find a Dismissal and Notice of Rights signed by the District Director of this office. This Dismissal enables you to file suit against the employer in federal district court. Please note the indicated time limitations.

Sincerely,

MAR 0 8 2017                                        *Andre Williams*

Date                                                Andre Williams
                                                    Federal Investigator



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
Intake Information Group 800-669-4000
Intake Information Group TTY 800-669-6820
Birmingham Status Line 866-408-8075
Birmingham Direct Dial (205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105
Website www.eeoc.gov

July 29, 2016

Katrina Morris
c/o John Paul Bruno
Lorant Law Group
550 Montgomery Highway
Suite 101
Birmingham, AL 35216

EEOC Charge Number: 846-2015-30675

Dear Ms. Morris:

**Enclosed with this letter is a copy of the Respondent's Position Statement. By accepting these documents, you agree that you will only share the contents with persons in a privileged relationship to you, such as a spouse, clergy, or legal, medical or financial advisor.**

This is your opportunity to provide additional information you feel is relevant to support your charge. If you would like to respond to what the Respondent says in its Position Statement, please do so no later than 10 calendar days from the date of this letter.

There is no specific format required for your response. Any information you provide will be taken into consideration during the investigation of your charge. You may respond in writing or by phone. If you respond in writing, be sure to include your charge number on your correspondence. If you disagree with any of the information the Respondent has submitted, please point out specifically what you believe is incorrect and explain what you believe to have happened. Also, please give us any additional evidence or information that you have not already provided that you believe supports your case. For example, if applicable, identify any additional witnesses, their contact information, and a brief summary of what you think they will say.

My mailing address is listed in the letterhead. My email address is andre.williams@eeoc.gov. My direct telephone number is (205) 212-2147. I am available during the hours of 7:00 a.m. and 3:30 p.m. If I am unavailable when you call, please leave a daytime phone number where you may be reached.

Please note, after we review all of the evidence of record and if our review does not suggest a violation of a law enforced by the Equal Employment Opportunity Commission (EEOC), a Dismissal and Notice of Rights will be issued. You will have ninety (90) days from the date of receipt of the Dismissal and Notice of Rights to file a lawsuit in court. If the evidence of record establishes a violation of the law, EEOC will attempt to conciliate/resolve the matter to all parties' satisfaction.

I look forward to hearing from you.

Sincerely,

Andre Williams
Andre Williams
Investigator

Enclosure



# BRADLEY ARANT
# BOULT CUMMINGS LLP

Donald B. Sweeney, Jr.
Direct: (205) 521-8405
Fax: (205) 488-8405
dsweeney@babc.com

November 19, 2015

Jonathan Jones
Intake Supervisor
Equal Employment Opportunity Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205



RECEIVED

NOV 23 2015

E.E.O.C.
BIRMINGHAM DISTRICT

      Re:   Katrina Morris v. Randolph County Board of Education
              EEOC Charge No. 420-2015-30675

Dear Mr. Jones:

      The Board denies the Charging Party's assertion that it discriminated against her because of her race or for any other discriminatory reason. The board did not employ Charging Party because the person selected was deemed the better applicant for legitimate nondiscriminatory reasons. As shown below, Charging Party's claims fail because Respondent did not discriminate against her. Attached as Exhibit 1 is the Respondent's well publicized anti-discrimination policy.

      <u>Consent Decree</u>: The Board is a Defendant in the *Lee v. Macon County Board* litigation. The Board entered a Consent Decree in 2011. A copy is attached as Exhibit 2. Under the Consent Decree, the Board has an Employment Committee. The Employment Committee reviews and evaluates all applications. In doing this, it reviews applications for all certified vacant positions within the District and selects qualified applicants to be interviewed. Under the Employment Committee, each school has a Local School Committee. The Local School Committee reviews the applications provided by the Employment Committee, and interviews the applicants. The Local School Committee then makes its recommendation to the school Principal and to the Superintendent. Under Alabama law, the Superintendent makes a written recommendation to the Board of Education for the employment of the candidate selected by the Committees. In other words, the Consent Decree approved by the U.S. District Court Judge Myron Thompson dictates how the applicant is selected.

<u>Position Statement</u>

Ms. Morris alleges that she was discriminated against because of her race and that the Respondent retaliated against her when she complained to a member of the Employment Committee and filed a grievance.

There were 23 applicants for the position of Special Ed Coordinator. Ms. Morris was not chosen for an interview due to her lack of qualifications for the position. After Rosie O'Neal (African-American), a member of the Employment Committee, received a phone call from Solomon Seay, attorney for the private plaintiffs in the *Lee v. Macon County* case, the Employment Committee granted Ms. Morris an interview. Ms. Morris was interviewed for the position by the Employment Committee. The Employment Committee did not choose Ms. Morris as one of the top three candidates. The Employment Committee explained to Ms. Morris what qualification was lacking and the Employment Committee believed that she understood.

The Employment Committee recommended Beth Bailey for the position of Special Ed Coordinator. The Employment Committee decided that Ms. Bailey had the best qualifications and was the best applicant for the position.

Ms. Bailey has been employed by Respondent since 1999 as a Speech-Language Pathologist. In that position, Ms. Bailey had experienced working with special needs students and with the providers, coordinators and directors for special needs student services. Attached as Exhibit 3 is a comprehensive list of Ms. Bailey's credentials.

Ms. Morris filed a grievance on June 16, 2015 complaining that she had not been hired for the position of Special Ed Coordinator and demanding that the Respondent increase her salary.

In response, the issue regarding an employment decision is not a grievable matter. Employment decisions are made in accordance with the Consent Decree and Ala. Code § 16-8-23. The Respondent is under a Consent Decree which requires action by the Employment Committee. In the second place, salaries are set by a master salary schedule that is system wide in application. Ms. Morris is being paid according with the salary schedule for her years of experience, highest degree, and number of days of her contract.

Ms. Morris makes the allegation that the Respondent changed the job description for the position of Special Ed Coordinator to make it fit the qualifications of Ms. Bailey. It is true that the Respondent changed the job description. That was done to meet the needs of the Respondent System as a whole. Special education has the highest rate of litigation for the entire system and, consequently, the position requires a a person fully immersed in special education process, special education procedures and special education law.

Ms. Morris also complains that she is being retaliated against due to her complaining to a member of the Employment Committee and filing the grievance. The member of the Employment Committee that Ms. Morris made her complaint to, Rosie O'Neal, is African-American as is the Human Resource Director, Sherry Saulsberry. The Respondent denies the accusations that Ms.

Morris is being treated in a disparate manner. Ms. Morris has not been assigned any further duties that are required of all counselors.

Ms. Morris was not deemed the first, second or third best qualified applicant. Filing an EEOC charge should not be used as a strategy to vault over better qualified applicants.

Conclusion:  The Board denies Ms. Morris' assertion that it discriminated or retaliated against her. To the contrary, the Board avers that it makes employment decisions without regard to age or any other prohibited factor. The Board has a well publicized policy against discrimination. Ms. Morris cannot show that Board has discriminated or retaliated against her. Accordingly, Respondent respectfully requests that the Commission issue a no-cause determination.

Yours truly,

Donald B. Sweeney, Jr.

DBS/col
Enclosures

# Charge No. 420-2015-30675

# Exhibit 1

FILE:   GAAA

## EQUAL OPPORTUNITY EMPLOYMENT

It is the policy of the Board not to discriminate against any person on the basis of race, color, creed, religion, sex, age, national origin, or disability, in any educational program or activity.

The Superintendent will designate a member of the staff to investigate all but anonymous complaints which may be brought against the School System in regard to any alleged unlawful discrimination.  The name, address, and telephone number of the designee will be publicized.

Any complaint of sex discrimination or noncompliance with Title IX should be registered with the Coordinator of Title IX Activities.

See Policy GAE for applicable Grievance Procedures.

SOURCE:        Randolph County Board of Education, Wedowee, AL
ADOPTED:       September 18, 1995
EFFECTIVE:     September 18, 1995
LEGAL REF:     Civil Rights Act of 1964 and Amendments; U S Const. Amend. XIV, 1; 42 U.S.C. 20003-1 to -17; 20U.S.C. 1681, et. seq.; 29  U.S.C. 794; 29 U.S.C. 621 et. seq., Section 504 of the Rehabilitation Act of 1973, Singleton V. Jackson Municipal Separate School District, 419 F.2d 1211 (5th Cir. 1969); Title IX, Education Amend., 1971; School Board Minutes, Oct. 23, 1975.

FILE:   GAKB

# OBJECTIVE CRITERIA FOR EMPLOYMENT

The selection of personnel in the School System will be made without regard to sex, age, marital status, race, religion, national origin, ethnic group, or handicap.  Objective criteria will be used as part of the process for selection of personnel for employment within the School System.  The non-prioritized criteria listings are as follows:

## CERTIFIED PERSONNEL

- College transcript
- Degree held
- Type of Alabama teaching certificate and area of endorsement on certification
- Rank and class of teaching certificate
- Number of years of teaching experience within the School System
- Number of years of teaching experience in public elementary/secondary education
- Number of years of work experience outside of education
- Number of years of teaching experience outside of public education
- Physical and mental fitness for job applied for
- Grades, subjects, or positions in which professional experience has been gained
- Student teaching level
- Number of hours of college credit earned above highest degree held
- Number of hours held in current participation in seminars and workshops (within past 5 years)
- Analysis of written material submitted
- Other training

## CLASSIFIED PERSONNEL

- Appropriate transcripts
- Hours completed in apprenticeship or training program(s)
- Job-related courses or training
- Number of years worked within the School System
- Number of years of successful job-related work experience
- Physical and mental fitness for job applied for
- Analysis of written material submitted (if applicable)
- Other training

Page 1 of 2

FILE:  GAKB
(Continued)

After the use of objective criteria, a subjective evaluation in each of the following categories will be made:

-Past performance
-Character
-Ability
-Leadership
-Personality
-Professionalism
- Other good or just cause

The subjective evaluation will be based upon a personal interview and information obtained in individual references with appropriate principals, supervisors, personnel officers, and information obtained in individual references.

Political and social favoritism will not be a part of the employment process.

| | |
|---|---|
| SOURCE: | Randolph County Board of Education, Wedowee, AL |
| ADOPTED: | September 18, 1995 |
| EFFECTIVE: | September 18, 1995 |
| LEGAL REF: | U.S. Const. Amend. XIV, S.1.; 42 U.S.C.. SS. 2000e-3 to -17; 20 U.S.C. S. 1681; 19 U.S.C. S. 794; 29 U.S.C. S. 621. |

Page 2 of 2

# Charge No. 420-2015-30675

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ANTHONY T. LEE, et al.,                )
                                       )
            Plaintiffs,                )
                                       )
      vs.                              )
                                       )
UNITED STATES OF AMERICA,              )   3:70-CV-00847-MHT-TFM
      Plaintiff-Intervenor and         )
      Amicus Curiae,                   )
                                       )   HON. MYRON H. THOMPSON
      vs.                              )
                                       )   MAG. TERRY F. MOORER
NATIONAL EDUCATION                     )
ASSOCIATION                            )
INC.,                                  )
      Plaintiff-Intervenor,            )
                                       )
      vs.                              )
                                       )
RANDOLPH COUNTY BOARD OF               )
EDUCATION, et al.                      )
                                       )

CONSENT ORDER

This Consent Order addresses the issues of personnel hiring and assignment and student discipline, which were identified by the Lee Plaintiffs and the United States ("Plaintiffs") as remaining issues in the case in response to this Court's March 31, 2009 Order.

1

I.   Background

The Randolph County School System ("...
desegregate in accordance with the Court orders...
1970.  On May 17, 1994 the United States ("Un...
Enforce Prior Orders of this Court and for Supp...
1994, plaintiffs filed Motion for Further Relief...
have enforced and pursued, and are enforcing a...
custom and usage of discrimination by reason o...
staff in hiring, retention, dismissal and promoti...
denied Plaintiffs' allegations, and stated that D...
evidence of its efforts to implement desegregat...
objection from the parties of record.  On Decem...
was entered in this case Between December 15...
Court issued a series of orders aimed at achievi...
eliminating the vestiges of past discrimination...
system.

On March 31, 2009, this Court entered a...
prejudice all pending motions and requiring th...
the Court "as to what issues remain in this litig...

2

American workforce in the category consisting of Assistant Superintendent,

Speech Therapist, Special Education Coordinator, Federal Programs Coordinator,

Principal, Assistant Principal, Director of Vocational School, Teacher, Itinerant

Teacher, Librarian, Itinerant Librarian, Coach, Counselor and Itinerant Counselor.

Id at 7.

Since the 1994 Consent Decree has been entered, the District has not met the

Category 1 goal as indicated by the following chart.

| Position | 2009-2010 Personnel | |
|---|---|---|
| | Black | White |
| Assistant Superintendent | 0 | 0 |
| Speech Therapist | 0 | 2 |
| Special Ed. Coordinator | 0 | 1 |
| Federal Programs Coordinator | 0 | 1 |
| Principals[1] | 0 | 5 |
| Assistant Principals | 0 | 4 |
| Director Vocational School | 0 | 1 |
| Teachers | 16 | 136 |
| Itinerant Teacher | 0 | 5 |
| Librarian | 0 | 3 |
| Itinerant Librarian | 0 | 1 |
| ****Coach (See below) | | |
| Counselor | 0 | 6 |
| Itinerant Counselor | 0 | 1 |
| Total Category 1 | 16 | 166 |
| Percentage Category 1 | 9% | 91% |

**** Coaches teach other subjects and are counted as teachers.

[1] A Black principal will assume principalship at Wetumpka Elementary School for the 2010-2011 school year.

---

In an effort to eliminate the vestiges of ...

County School District shall take the following ...

A. Recruitment and Application Process

1. Regularly participate in teacher recruitm...
not linked to Jacksonville State Universi...
Alabama; North Alabama Connection P...
(NACPED) in Huntsville, Alabama (par...
A&M University, Athens State Universi...
Oakwood University, University of Nor...
Community College); Alabama State Uni...
in Montgomery, Alabama; Alabama A&...
Huntsville, Alabama; Talladega College...
Alabama; and similar events involving ...
education programs, including other His...
Universities such as Tuskegee Universi...
College.[2]

2. Consult with other school systems in Al...
proven successful in recruiting and hiri...

[2] Where this section conflicts with Section B-F-3-c on page 10 a...
supersede and replace that section.

entry into the database, each applicant is assigned a sequential applicant identification number. Applicants in the database can be sorted and searched by number, name, position applied for, race, date of application, category of position, certification areas of endorsement, and highly qualified status.

7. All applications, attachments, and supporting documents will be maintained on file and available for consideration for 36 months from the date of submission. As an additional back-up measure, the District shall archive and maintain online applications submitted through the Teach in Alabama website for 36 months by SearchSoft, the website administrator.

B. Employment Committee[5]

1. An Employment Committee shall be established to review and evaluate applications, select applicants to be interviewed, review hiring recommendations by the Local School Committee, see infra, section II.C., and otherwise advise the Superintendent on hiring matters. The Employment Committee shall consist of three persons, two to be selected by the District and one by Plaintiffs. The Employment Committee member selected by the Plaintiffs may or may not be an employee of the District.

---

[5] Where this section conflicts with Section III-B on pages 13-14 of the December 15, 1994 Consent Order, it shall supersede and replace that section.

9

Case 3:70-cv-00847-MHT-TFM   Document

2. The three-member Employment Comm...
majority vote of the Committee. The E...
determine by such vote such matters a...
score applicants; whom the Local Scho...
interview; and other matters relevant to...
Committee. The Employment Commit...
three members are available when pos...
a quorum of two, if a member will not...
will not or cannot be available, then th...
date, and time) was given to the absen...
could not attend as offered by the mem...
the Employment Committee to dischar...
members in attendance at its meetings...
the Employment Committee to meet w...
when a member of the Employment C...

3. The Employment Committed shall me...
all certified vacant positions within th...
applicants to be interviewed for those...
Committee will consider each qualific...

10

Consent Order, including all application procedures, required forms, review of applications, selection of interview candidates, interview procedures, and the process for making final hiring recommendations to the Board. A copy of the Consent Order will be posted on the District's website. Training materials will be maintained at the District's central office and available for review by new personnel, new Committee members and as otherwise needed.

## III. Discipline

The December 15, 1994 Consent Decree states in part, "In the event that the summary monthly report for any school shows that the percentage of African-American students who were disciplined in any category (type of infraction and/or type of punishment) or overall, exceed by more than 10% the percentage of African-American students enrolled in that school, the Discipline Coordinator shall meet with the Principal of such school(s) and with the employee responsible for student discipline to determine the reasons for the disparity." Decree at 16. The 10% standard was adopted to ensure that black students were not subjected to discipline in a manner that would impede the desegregation process.

Student discipline data suggests that bla

disciplined at significantly higher rates than w

agreed that the District shall engage the South

with its discipline policy and practices to:

1. Review disciplinary records;
2. Review the District's policies an
   and classroom management and
   policies and procedures, as neces
3. Review District data and policies
   discipline, including but not limi
   extracurricular activities;

* For example:

Discipline Septembe

| School | Racial Make-up of Student Body | Gra |
|---|---|---|
| Rock Mills Junior High | 9.43% Black | K-8 |
| Randolph Roanoke Career Technology Center | 18.42% Black | 10-1 |
| Wedowee Middle | 16.19% Black | 4-6 |
| Randolph County High School | 20.65% Black | K-3 7-12 |
| Wadley High | 16.26% Black | K-1 |
| Woodland High | 7.35% Black | K-1 |
| Total | 14.12% Black | |

3.   For each person hired, the name, race, sex, position filled, date of hire, address email address, telephone number and cell phone number of appointee;

4.   Each position created or eliminated during the reporting period;

5.   The name, race, sex, position, address email address, telephone number and cell phone number of each person who was demoted, dismissed or whose contract was not renewed; and

6.   All current District employees, by school or central office, position, name, sex, and race.

7.   All records (including computer discs or tapes) relating to all aspects of the School District's personnel policies or procedures shall be available for inspection and copying by the United States or Plaintiffs upon notification to the District at least five days in advance.

C.   Discipline[5]

On an annual basis, to be reported by or on November 1, 2010, the District shall report the following:

1.   The District's policies and procedures for administering discipline and classroom management, including but not limited to documentation describing the disciplinary policies and procedures disseminated to

---

[5] When this section conflicts with Section VIII-D, page 15 of the December 15, 1994 Consent Order, it shall supersede and replace that section.

administrators, teachers, parents,

explanation of any changes to the

of this Order or the last report, w

changes occur during the annual

notify the parties and provide its

Thereafter, the Plaintiff Parties s

District and the Court of any obj

2.   The District's policies and proce

including but not limited to polic

extracurricular activities followi

changes of procedure or policy r

period, the District shall so notif

changes for review. Thereafter, t

to notify the District and the Co

3.   A description of all training or p

programming related to disciplin

District policies related to disci

participation in extracurricular a

this Order or the last report, whi

**V.    EFFECT OF PRIOR ORDERS**

    All Orders not inconsistent herewith remain in full force and effect, unless

otherwise noted.

    So ORDERED, this 31st day of ___March___, 2011.

                                United States District Judge

Respectfully submitted,

For the Unites States of America:
THOMAS E. PEREZ
Assistant Attorney General

/s/ Lisa M. Taylor
AMY J. BERMAN
FRANZ R. MARSHALL
LISA M. TAYLOR
U.S. Department of Justice
Civil Rights Division
Educational Opportunities Section
601 D Street, NW
Patrick Henry Building, Suite 4300
Washington, DC 20530
(202) 514-4092
Counsel for the Plaintiff-Intervenor

For the Lee Plaintiffs:

/s/ Solomon S. Seay, Jr.
SOLOMON S. SEAY, JR.
3200 Old-Wetumpka Hwy.
Montgomery, AL 36110
(334) 272-2679

/s/ Stanley Gray
STANLEY GRAY
Gray Langford Sapp McGowan Gray
Gray & Nathanson PC
PO Box 830239
Tuskegee, AL 36083-0239
(334)727-4830

According to the Consent Decree established between December 15, 1994 and March 31, 2009 the court issued a series of orders aimed at achieving the Court's mandate of eliminating the vestiges of past racial discrimination and desegregating the school system. On October 25, 2009, the parties filed a Joint Status Report indicating that the two remaining desegregation issues in dispute were (1) personnel hiring and assignments and (2) student discipline.

## Personnel Hiring Violations

1. Consent Decree Filed 04/16/2013
Exhibit A: Personnel hiring p.3-5

2. Job Posting
Exhibit B: Announcement #: 15-09 Date: March 23, 2015
Position Title: Coordinator for Special Education

3. Correspondence to Employment Committee Members
        Spoke with Employee Committee Member, Rosie O'Neal. O'Neal spoke with Dr. Shawanna Boyd and I afterschool in the Wedowee Elementary School's conference room regarding the Coordinator for Special Education position and I requested an interview. O'Neal explained that she had requested that the Employment Committee reviewed her daughter, Janice O'Neal Wright, application and grant her an interview. O'Neal said that there was something in her daughter's file that she was unaware of; therefore, her daughter did not receive an interview for this position. O'Neal said she would consult with the other Employee Committee Members to decide on how to handle my request. I also spoke with Pam Johnson, Employment Committee Member, regarding the Coordinator of Special Education position. Johnson said to wait to see what O'Neal decide what to do since she has been on the Employee Committee the longest.

4. Granted Requested Interview for Job Posting 15-09(See Exhibit B)
                                                          Exhibit C: Email
5. Scores from Job Posting 15-09 (See Exhibit B) Exhibit D: Summary of Rational/E-mail

1

6. Randolph County Board of Education Meeting/Job Qualification Changed
Exhibit E:   May 19, 2015 Agenda and Minutes/May 28, 2015 Agenda and Minutes

7. Revised Job Qualifications
Exhibit F:  The Randolph Leader Newspaper Article (June 3, 2015); Announcement #15-26, Date: May 22, 2015, Position Title: Curriculum Coordinator; Announcement #15-27, Date: May 22, 2015, Position Title: Special Education Coordinator; Email from Superintendent Kirby

8. Hired Caucasian Female for Posting #15-27
Exhibit G:   Board of Education Meeting Agenda and Minutes (June 16, 2015) / Newspaper Article

9. Grievance/Policy Violations
Exhibit H: Filed Grievance; Grievance Policy

10. Office of Civil Rights/Equal Employment Opportunity Committee
Exhibit I: Forms, Letters

11. Consent Decree 2011 and 2010 Violations
Exhibit J: Consent decree 2011 and 2010
        Since the 1994 Consent Decree has been entered, the Randolph County School District has not met the Category 1 goal as indicated in 2009-2010 as to date. Presently, I am the only black school counselor in the district. Since 2009-2010 school year, the following jobs have been vacant Speech Therapist, Special Education Coordinator, Federal Program Coordinator, Principal, Assistant Principal, Director Vocational School, Teacher, Itinerant Teacher, Librarian, and Itinerant Librarian. Some of these positions have been vacant on multiple occasions; however, a black applicant was not placed in these positions and not maintained as stated in Exhibit A.

2

The School District does not regularly participate in the teacher recruitment and career fairs as stated in Exhibit J. The School District does not consult with other school systems in Alabama to identify measures that have proven successful in recruiting and hiring minority applicants. The School District does not use the Alabama State Department of Education's Teach in Alabama website. Applicants are not considered for all vacancies for which he or she is qualified based upon his or her certification. Employment Committee member Rosie O'Neal told me that I did not receive calls for other promotional positions because the committee assumed that I was satisfied with my current position, which is school counselor. O'Neal also told me that it is hard for them to find other black applicants. Also, O'Neal and Pam Johnson asked me if I applied or completed an interest letter for promotional positions. Exhibit K states that Applicants will be considered for all vacancies for a period of 36 calendar months from the date which they submitted application. Some applicants presently hold positions that they are not qualified for such as Special Education Coordinator, counselor at Rock Mills, librarian Wedowee Middle/Rock Mills, teachers at Randolph County, Wadley, Woodland High Schools, while qualified black applicants have applied for these positions. Wedowee Middle School has an all white full-time certified faculty. There is a half-time certified black counselor at Wedowee Middle School, me. There has been numerous opportunities to hire black applicants for certified position at Wedowee Middle School.

According to Exhibit J, the Employment Committee shall consist of three persons, two to be selected by the District, and one by the Plaintiffs. How does the District select its two members? How is the Plaintiff member selected? How long does the Plaintiff member serve?

According to Exhibit J, the employment committee members are authorized to monitor local school committee interviews. This does not happen.

3

Employment committee should interview administrative and central office vacancies according to Exhibit J. After conducting interviews, the Employment Committee shall select not more than three applicants to be considered by the Superintendent. The Superintendent shall make the recommendation per Exhibit J. The Superintendent has created specialized Employment Committees to complete second rounds of interviews see Exhibit F. The Superintendent is also part of this specialized committee and is involved with interviewing these applicants during second round of interviews.

Exhibit J points out that to be a "qualified candidate", an applicant must meet Alabama State Standards. At least one candidate recommended should be black if qualified. Black candidates were interviewed. There are certified people in positions that do not meet Alabama State Standards as mentioned earlier.

The Employment Committee and other administrators, and Local School committee members are not familiar with the Consent Decree.

## Discipline
The district will provide comparable training for administrators, faculty, and staff hired after 2010-2011 school year. I was hired after this time and have not been trained. See Exhibit J

## Randolph County School District Policy Violations
Randolph County School's policies have not been revised since September 18, 1995.

Exhibit K: Supervision of Certified Personnel (p. 110)
It states that the primary responsibility for supervision of local school personnel will be vested in the principal. I have been an employee (school counselor) with this system for four years and have always been supervised by the local school principal, until this year after filing several charges against the school system; I now receive

4

reprimands from Sherry Saulsberry, human resource coordinator. This policy has been breached because I was not aware she was my local supervisor and the appropriate chain of command has been violated. I have had parent complaints in the past due to enrollment and has never dealt with human resources, nor received a letter in regards to the compliant and I never been asked to write a written statement to give my side of the story.

Exhibit L: Teacher Rights and Responsibilities/Freedom of Expression (p.113)
    The board recognized that each employee has the same civil and constitutional rights as any other citizen. Such rights will be respected at all times but will be restricted if their exercise materially interferes with the educational process. This has been sullied as referenced in my grievance, OCR, and EEOC charge. My civil rights have been violated by receiving retaliation since I originally filed discrimination and retaliation charges against the school district. In my original grievance, my civil rights were violated based on race and color because I was not granted the opportunity for promotional positions (see p. 114, Staff Rights and Responsibilities). I received a letter from Sherry Saulsberry dated August 14, 2015. This letter is an example of retaliation. I feel as if this letter will be placed in my personnel file without my knowledge, which also violates policy.

Exhibit M: Staff Rights and Responsibilities (p. 114)
    In this policy, it expresses that all employees will be familiar with the policies and administration regulations of the school system. This was dishonored as evidenced by Mrs. Sherry Saulsberry becoming agitated during our meeting when asked her familiarity with enrollment home school procedures, the same procedures she insisted that I did not follow, she walked out of the meeting as witnessed by local AEA UniServ Director, Angela Morgan. This same policy states at least two copies of the Randolph County Board of Education Personnel Policy will be located at each school. Currently, at Wedowee Middle School, and Wedowee Elementary School we do not have such policies on our campus. I was shown a

copy of the policy by AEA UniServ director and questioned the September 18, 1995 date on the policy. She stated that those are our current policies that have not been revised or updated from 1995. The policy continues to state that one copy will be placed in the school library and the second copy will be placed in the school office. One copy will also be placed in each work site other than the schools. These policies cannot be found at either designated location.

Exhibit N: Breach of Confidentiality

Per the Alabama Educator Code of Ethics Standard 8: Maintenance of Confidentiality sharing confidential information concerning students, or faculty members were violated as evidenced by the attached email where the human resources director sent me Dr. Boyd's information pertaining to her summary of rationale score from her interview for the Special Education Coordinator's position. The Alabama Educator Code also specifies unethical conduct includes, but is not limited to violating other confidentiality agreements required by state or local policy.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY LEE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NUMBER: |
| | ) | 3:70-cv-847-MHT |
| Plaintiff-Intervenor, | ) | (WO) |
| v. | ) | |
| | ) | |
| RANDOLPH COUNTY BOARD OF | ) | |
| EDUCATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CONSENT ORDER

This Consent Order clarifies the remaining issues to be addressed in order for Randolph County School System ("District") to ultimately petition the Court for a declaration of unitary status.

The parties have agreed that the two remaining issues in the case are as follows:

    (1)    Workforce Complement Goal for Category 1 Employees;

    (2)    Interim Employment of Category 1 teachers.

I.    Background

On December 15, 1994, a Consent Decree established a workforce goal of 23% Black Category 1 Certified Employees. Between December 15, 1994 and March 31, 2009 the Court issued a series of orders aimed at achieving the Court's mandate of eliminating the vestiges of past racial discrimination and desegregating the school system.

On March 31, 2009 the Court entered an order requiring the parties to submit a joint report addressing "what issues remain in litigation." On October 15, 2009, the parties filed a Joint Status Report indicating that the two remaining desegregation issues in dispute were (1) personnel hiring and assignments and (2) student discipline.

On March 31, 2011 the Court entered a Consent Order setting forth requirements designed to resolve the outstanding issues of personnel hiring and assignment and student discipline.

On March 15, 2013 the Court held a telephone conference. All parties to the litigation participated in the telephone conference. The parties represented to the Court during this telephone conference that the District had met its obligations with respect to student discipline, and that the parties had reached an agreement on the two remaining issues in dispute:  personnel hiring and interim employment of

teachers.   The parties represented to the Court during this conference that all remaining issues in this case had been resolved.

Based on the representation of the parties made to the Court during the conference call on March 15, 2013, the Court issued an Order on March 19, 2013 requiring the parties to submit their proposed settlement by April 1, 2013.

In an effort to avoid further litigation, the parties have engaged in good faith negotiations and voluntarily agreed, as indicated by the signatures of their counsel below, for entry of this Consent order to resolve the outstanding issues of personnel hiring and assignment.

Accordingly, after reviewing the agreed to terms, the Court concludes that entry of this Consent Order[1] is consistent with the Fourteenth Amendment to the United States Constitution and federal laws, and that its entry will further the orderly desegregation of the Randolph County School System.   Therefore, the District is hereby ORDERED, ADJUDGED, and DIRECTED to implement the provisions set forth below.

II.  ████████████NEL HI████████

In the December ███ 1994 Consent Decree, the Court stated, among other things, that the percentage of Black employees in certified positions had decreased significantly. Based on the relevant labor pool, the Court ordered, among other

---

[1] Where this Consent Order conflicts with sections of prior Consent Orders of this Court, it shall supersede and replace those sections.

things, that within four years of the entry ▓▓▓ 1994 Consent Decree the District shall attain a 23% Black work▓▓▓▓▓▓▓▓ category consisting of assistant ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ nurses, special education coordinator, ▓▓▓▓▓ programs coordinator, principals, assistant principals, director of vocational school, ▓▓▓▓▓▓ itinerant teachers, librarians, itinerant librarians, coaches, counselors, and itinerant counselors ▓▓▓▓▓ (Collectively referenced as "Category 1.")

Because the District had not met the 23% goal of Black Category 1 personnel, the Court on March 3, 2011 entered a Consent Order substantially modifying the procedures, practices and policies contained in the 1994 Consent Decree.

During the telephone conference with the Court on March 12, 2013, the parties recommended that the Court leave in place all of the remedial steps set forth in the Consent Decree of March 31, 2011 but change the Category 1 goal from 23% Black to 16% Black with the following conditions: The District must obtain the Category 1 goal of 16% Black within three years. Once the District obtains the Category 1 goal of 16% Black, the District must maintain the Category 1 percentage of 16% Black for two consecutive years whenever that benchmark occurs within the three-year requirement. Stated otherwise, if the District obtains the Category percentage of 16% Black in year one after the date of this Consent

~~order, the District from that date forward must maintain a Category 1 percentage~~
~~of 16% Black in the elementary school. In the event the District maintains a Category 1~~
~~percentage of 16% Black in year two or year three, the District shall maintain 16%~~
~~Black Category 1 thereafter. In the event the District fails to do so thereafter.~~

## III.   Interim Employment of Teachers

Personnel decisions made by the Randolph County Board of Education must be made in conformity with the requirements set forth in the Consent Order adopted by the Court on March 31, 2011, and the relevant provisions of the 1994 Consent Decree that are not in conflict therewith.

While all personnel decisions made by the District must be made in conformity with the March 31, 2011 Consent Order together with the relevant provisions of the 1994 Consent Decree that are not in conflict therewith, the parties requested the Court to approve a procedure regarding unanticipated teaching vacancies at the start of each school year. When such vacancies occur at the start of each school year, they create a significant impediment for the education program of affected students if the teaching positions are not filled expeditiously.

Under the general requirements set forth in the March 31, 2011 Consent Decree, a three step process for each vacancy must be followed: (1) the positions must be posted in compliance with Ala. Code § 16-22-15; (2) receipt of

applications for the position; and (3) review and evaluation of the applicants in accordance with the March 31, 2011 Consent Decree.  Since these procedural steps are time consuming, the parties ask the Court to approve a process that will enable the District to fill such positions on an interim short-term basis.  Given the limited applications as proposed by the parties, the Court approves the procedure:

Interim Applicants:  The employment procedure required by the Consent Decree[2] will be fully implemented in all cases for all employment positions with the following limited exception:  if a vacancy occurs for a certified teaching position of an academic course within two weeks of the start of school or during the school year, the Board may employ a qualified applicant on an interim basis not to exceed a six week period of employment.

Before employing a certified employee on an interim basis, the Superintendent shall advise the United States Department of Justice; counsel for Private Plaintiffs, or their designee.

When the Employment Committee reviews and evaluates the applicants for the position filled on an interim basis, the Employment Committee may consider the application of the person employed on an interim basis.  However, the Employment Committee shall not consider in any manner or respect the employment experience of the person during the interim employment.

---

[2] The relevant provisions of the 1994 Consent Decree remain in effect to the extent they are not in conflict.

6

## IV.   **EFFECT OF PRIOR ORDERS**

All Orders not inconsistent herewith remain in full force and effect, unless otherwise noted.

So ORDERED, this 16th day of April, 2013.

<div style="text-align: right">

 /s/  Myron H. Thompson
United States District Judge

Respectfully submitted,

**For the Unites States of America:**
THOMAS E. PEREZ
Assistant Attorney General

 /Jonathan Fischbach
ANURIMA BHARGAVA
SHAHEENA SIMONS
JONATHAN FISCHBACH
U.S. Department of Justice
Civil Rights Division
Educational Opportunities Section
601 D Street, NW
Patrick Henry Building, Suite 4300
Washington, DC 20530
(202) 514-4092
Counsel for the Plaintiff-Intervenor

</div>

7

**For the *Lee* Plaintiffs:**

　s/Solomon S. Seay, Jr.
SOLOMON S. SEAY, JR.
3200 Old Wetumpka Hwy.
Montgomery, AL 36110
(334) 272-2679

　s/Stanley Gray
STANLEY GRAY
Gray Langford Sapp McGowan Gray
Gray & Nathanson PC
PO Box 830239
Tuskegee, AL 36083-0239
(334)727-4830

**For the Defendant School District:**

/s/ Donald B.  Sweeney, Jr.
DONALD B.  SWEENEY, JR.
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
(205) 521-8405

# NOTICE OF JOB VACANCIES
## RANDOLPH COUNTY SCHOOLS
### WEDOWEE, ALABAMA

The Randolph County Board of Education does not discriminate on the basis of race, color, national origin, sex, disability, or age in its programs and activities. The following people have been designated to handle inquiries regarding the non-discrimination policies:

Lemoyen Apostle, Section 504 Coordinator
182 Circle Drive
Wedowee, AL 36278
256-357-4611 x.31

Sonja Dill, Title IX Coordinator
182 Circle Drive
Wedowee, AL 36278
256-357-4611 x22

Lemoyen Apostle, Title II/Special Needs Coordinator
182 Circle Drive
Wedowee, Alabama 36278
256-357-4611 x31

Rance Kirby, ADA Coordinator
182 Circle Drive
Wedowee, Alabama 36278
256-357-4611 x23

**The Randolph County Board of Education has openings for the following positions:**

**15-09  Coordinator for Special Education**

POSITION LOCATION:  Randolph County School System

**DEADLINE FOR RECEIVING ANY INQUIRIES: 4:00 PM, Monday, April 6, 2015**

Applications may be downloaded from our website at: http://www.randolph.k12.al.us/ - click on "Personnel and Employment" and "Application Process".

SEND ALL INQUIRIES TO:  Mr. Jeff Thompson, Randolph County School District, 182 Circle Drive, Wedowee, AL 36278.  Phone: 1-888-377-6241 x25

# NOTICE OF JOB VACANCY

Randolph County School System

Wedowee, Alabama

STATEMENT OF EQUAL EDUCATION OPPORTUNITIES

The Randolph County Board of Education does not discriminate on the basis of race, color, national origin, sex, disability, or age in its programs and activities. The following people have been designated to handle inquiries regarding the non-discrimination policies:

Lemoyen Apostle, Section 504 Coordinator
182 Circle Drive
Wedowee, AL 36278
256-357-4611 x.31

Sonja Dill, Title IX Coordinator
182 Circle Drive
Wedowee, AL 36278
256-357-4611 x 22

Lemoyen Apostle, Title II/Special Needs Coordinator
182 Circle Drive
Wedowee, Alabama 36278
256-357-4611 x.31

Rance Kirby, ADA Coordinator
182 Circle Drive
Wedowee, Alabama 36278
256-357-4611 x.23



**ANNOUNCEMENT** ~~10-09~~        **DATE** ~~March 25,~~

**POSITION TITLE:** ~~....~~ Coordinator for Special Education

**POSITION LOCATION:**        Randolph County School System

**JOB SPECIFICATION AND REQUIREMENTS:**
    (See attached position description)

**EXTRACURRICULAR ACTIVITIES:**
    (Coaching duties may be assigned to a certified position)

**SALARY RANGE:**   $69,413.00 - $80,969.00

**DEADLINE FOR RECEIVING INQUIRIES:**   4:00 PM, Monday, April 6, 2015

**SEND INQUIRIES TO:**        Mr. Jeff Thompson
                Randolph County School District
                182 Circle Drive
                Wedowee, AL  36278
                (256) 357-4611 x25

**PLEASE REMOVE FROM BULLETIN BOARD ON April 7, 2015.**

JOB TITLE:     **COORDINATOR FOR SPECIAL EDUCATION**

QUALIFICATIONS:
1. A minimum of a Master's Degree from an accredited institution in Special Education and Class A certification in administration/supervision.
2. A minimum of three years teaching experiences in special education.
3. Provide or have access to appropriate transportation to meet job requirements.

REPORTS TO:     Superintendent

SUPERVISES:     Special Education programs and collaborates with Principals in the supervision of special education staff.

JOB GOAL:     To insure that the school system properly determines personnel needs, satisfied human resource needs, and maintains and improves all services relative to employees of the district. This professional shall also supervise school district, federal programs by ensuring that all opportunities to secure federal resources are maximized and that laws, policies, and procedures for the implementation of human resources and federal programs are properly implemented.

PERFORMANCE RESPONSIBILITIES:

1. Direct, develop, and implement plans approved by appropriate local, state and federal agencies to identify, place, and educate exceptional students in programs which best meet their individual needs.
2. Direct the development and submission of the proposal to receive Title VI-B funding for the system's program of special education.
3. Interpret and direct the implementation of Board policies and procedures related to student identification, program development, student placement, evaluation, budgeting, expenditures, operation, and management of the system special education programs.
4. Gather data, analyze information, maintain records, produce reports, and conduct inventories of equipment related to the special education programs as needed.
5. Assist with the selection, placement, supervision, evaluation, and staff development of special education personnel as required.
6. Acquire, produce, and disseminate information related to effective programs and practices in special education for the school system, personnel, and the community.
7. Initiate and or coordinate efforts to secure grants or other forms of funding to expand or enhance the special education program of the school system.
8. Represent the school system as directed at conferences, committee sessions, training seminars, and/or State Department of Education or community meetings.
9. Negotiate necessary support contracts for special education services as needed.
10. Coordinate, with the director of transportation, arrangements for special education students as needed.
11. Coordinate, with the director of maintenance, the acquisition and/or installation of specialized equipment or modifications to classrooms for special education students. 

**COORDINATOR FOR SPECIAL EDUCATION**
Page Two

12. Monitor and participate in the development of IEPs to ensure accuracy, completeness, and implementation according to local, state, and federal regulations.
13. Assist, educate, and direct school administrators, teachers, and other system personnel in matters specifically related to the implementation of federal and state laws and regulations involving special education.
14. Coordinate activities with: Head- Start, local day care center, Mental Health Center, Department of Human Resources, hospital, and other community agencies which directly involves special education students and or programs.
15. Monitor IDEA to ensure accuracy, completeness, and implementation according to regulations.
16. Assume other reasonable and applicable related duties as assigned by the immediate supervisor.

**EVALUATION:** Performance of this job will evaluated in accordance with the provisions of state and local board policy on Evaluation of Professional Personnel.

Approved By_____Date_____

Signature of Employee_____Date_____

From:       "Pam Johnson" <pamtjohnson@gmail.com>
Subject:
Date:       Sun, April 26, 2015 7:16 pm
To:         kmorris@randolph.k12.al.us
Cc:         roneal@randolph.k12.al.us,rkirby@randolph.k12.al.us

---

The Employment Committee extends you an opportunity to interview for the
Special Education Coordinator position on Thursday, April 30, 2015 at 3:30
pm.  Please reply all to this email to let us know if you are able to
attend.  Thank you, Pam Johnson
Pam Johnson*
Rosie O'Neal*
Elliott Cotney*
Employment Committee*


--
This message has been scanned for viruses and
dangerous content by MailScanner, and is
believed to be clean.

---

**Attachments:**

| untitled-2 |
|---|
| Size: 0.8 k |
| Type: text/html |

From: kmorris@randolph.kl2.al.us
Subject: Re: Case 3:17-cv-00561-WKW-GMB   Document 1   Filed 08/18/17   Page 41 of 50
Date: Tue, April 28, 2015 11:12 am
To: "Pam Johnson" <pamltjohnson@gmail.com>
Cc: kmorris@randolph.kl2.al.us,roneal@randolph.kl2.al.us,rkirby@randolph.kl2.al.us

*Exhibit C*

es, I will be in attendance for the opportunity to interview for the position
f Special Education Coordinator.

hank you,

atrina Morris

The Employment Committee extends you an opportunity to interview for the
Special Education Coordinator position on Thursday, April 30, 2015 at 3:30
pm.  Please reply all to this email to let us know if you are able to
attend.  Thank you, Pam Johnson
*Pam Johnson*
*Rosie O'Neal*
*Elliott Cotney*
*Employment Committee*

--

This message has been scanned for viruses and
dangerous content by MailScanner, and is
believed to be clean.

atrina Garrett-Morris, Ed.S
edowee Elementary & Middle
uidance Counselor
56-357-4588 Ext. 22



Exhibit C

**Folders**

📇 **INBOX** (430)
📇 Drafts
📇 Sent
📇 Trash  (Purge)

**Last Refresh:** 12:15 pm

📆 **Calendar**

**Today**

‹  **August 2015**  ››

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   |   |   |   | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 |   |   |   |   |   |

📇 **Addresses**

📄 **Notes**

Compose | Folders | Search | Fetch | Bookmarks

🗐 **Directory**  | 📇 **Options**  ⊚

Message List | Edit Message  View Message | Previous | Next as New  Forward | Forward as Attachment | Reply | Re

| | |
|---|---|
| **Subject:** | Interview Thursday @ 3:30 |
| **From:** | "Sherry Saulsberry" <ssaulsberry@randolph.k12.al.us> |
| **Date:** | Tue, April 28, 2015 8:06 am |
| **To:** | kmorris@randolph.k12.al.us |
| **Priority:** | Normal |
| **Options:** | View Full Header  |  View Printable Version  |  Download this as a file  | View Message details  | Bounce| Add to Addressbook |

You are scheduled for an interview at central office Thursda
3:30.

Take Address

## View Jobs Form

*You have successfully applied for this job.*   5/24/15

WITHDRAW INTEREST FOR THIS JOB

**System/S▓▓▓▓Randolph County▓▓▓▓**

**Job Number** 2300096444

**Job Title** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**Job Type** Administrative - Position - Other, please specify

**Start Date**

**Duty Days** (Help)   240

**Reports To**

**Job Posting Link**   www.randolph.k12.al.us

**Salary Range: From/To**   $69,413.00 - $80,969.00

**Endorsements**
- Multiple Disabilities
- Mentally Retarded
- Mild Learning Disabilities
- Hearing Impaired
- Visually Impaired
- Orthopedically and Other Health Impaired
- Speech and Language Impaired
- Gifted
- Emotional Conflict
- Mild Learning/Behavior Disabilities
- Specific Learning Disabilities

**Coaching/Club Interests**

**Technology Literacy**

**Description**   Coordinator for Special Education

**Additional Job Information**

Qualifications:
1. A minimum of a Master's Degree from an accredited institution in any area of Special Education.
2. Good and cooperative attitude with strong interpersonal skills.
3. Working knowledge of all Federal, State, and Local laws governing Special Needs Children.
4. Prior experience with all required special education student processes (Referral Process, Eligibility Process, IEP Process, etc.)
5. Experience with state Special Education Tracking System.
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in special ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
7. Provide or have access to appropriate transportation to meet job requirements.

Please note that your application is not complete until the district specifics are received in our office. Please note the requirements listed under the district specifics link.

**Grades**
- PK
- K
- 1

- 2
- 3
- 4
- 5
- 6
- 7
- 8
- 9
- 10
- 12

**Open Date** 05/22/2015

**Closing Date** 06/08/2015

**Job Attachment**

The State does not discriminate on the basis of age, race, color, sex, sexual orientation, religious preference, marital status, disability, national origin, or any other reason prohibited by state or federal law. Employees of the District are required to comply with the provisions of Title VII of the Civil Rights Act and Title IX of the 1972 Educational Amendments.

Alabama school boards are required by state law to verify the employment eligibility of newly hired employees by using the federal E-Verify program. New employees are required to provide a Social Security number, an unexpired identity document that contains a photograph, and other acceptable documents that establish employment eligibility. In addition to determining whether a new hire is authorized to work in the United States, E-Verify will confirm that the employee's name and Social Security number match.

Tweet ███████

Use of any published data or content on this web site is prohibited without the written consent of the Alabama State Department of Education.

BACK

**RANDOLPH COUNTY BOARD OF EDUCATION**
**SUMMARY RATIONALE FORM —— PAGE 2**

Please list each minority candidate considered (interviewed) for a position and explain why he/she did not receive a job offer.

Shawana Boyd — Dr. Boyd is not certified in Special education which is essential for this position.

Katrina Morris/Garrett — Ms. Morris is not certified in Special education nor has she taught special education classes.

Rosie B. O'Neal
**Principal Signature**

May 1, 2015
**Date**

April 3, 2015

Honorable Donald B. Sweeney, Jr.
Attorney, Hoover City Board of Education
Bradley, Arant, Boult & Cummings
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2119

>Education, Boards of – Public Records –
>Compensation – Employers, Employees,
>Employment – Open Records Law –
>Jefferson County
>
>The Hoover City Board of Education is
>required to disclose, by name, the
>compensation of employees under the Open
>Records Law.

Dear Mr. Sweeney:

This opinion of the Attorney General is issued in response to your request on behalf of the Hoover City Board of Education.

### QUESTION

Are the names of employees of the Hoover City Board of Education public records in addition to their compensation?

### FACTS AND ANALYSIS

Your request states that a private citizen has asked the Hoover City Board of Education ("Board") to produce payroll records of all earnings for all persons paid by the Board. You further state that hundreds of employees have notified the Board of their objections to the release of this information. This Office understands that the Board has provided a list of the salaries for each employee, categorized by job description and school, but not by name. The attorney for the citizen has provided this Office with a copy of a letter stating that the citizen does not seek information regarding "income deferral, retirement, withholding and the like." Letter from James P. Pewitt, Attorney, James P.

Honorable Donald B. Sweeney, Jr.
Page 2

Pewitt, LLC, to Donald B. Sweeney, Jr., Bradley, Arant, Boult & Cummings at 2 (Feb. 11, 2015). The citizen likewise does not seek "social security numbers, names of minor children, dates of birth, addresses, financial account numbers, marital status, medical information, confidential recommendations of employment, or drug and alcohol testing results." *Id.*

Section 36-12-40 of the Code of Alabama is the Open Records Law, and it provides that "[e]very citizen has a right to inspect and take a copy of any public writing of this State, except as otherwise expressly provided by statute." ALA. CODE § 36-12-40 (2013).

It is well settled that payroll records, such as salary or other compensation, are public records. See the following opinions:

- Honorable Melvyn W. Salter, Chairman, Cherokee County Commission, dated April 21, 2008, A.G. No. 2008-073;

- Honorable Mary F. Gunter, Attorney, Henry County Health Care Authority, Inc., dated October 2, 2007, A.G. No. 2008-004;

- Honorable Roy Smith, Member, House of Representatives, dated June 11, 1992, A.G. No. 92-00307;

- Honorable Alvin Holmes, Member, House of Representatives, dated January 13, 1988, A.G. No. 88-00117;

- Honorable Charles L. Payne, Chancellor, Alabama Department of Postsecondary Education, dated December 16, 1987, A.G. No. 88-00079;

- Mr. Cartledge W. Blackwell, Dallas County Commission, dated October 31, 1985, A.G. No. 86-00038;

- Honorable Jerry B. Jones, Etowah County Tax Assessor, dated March 7, 1983, A.G. No. 83-00214.

This Office has specifically reached this conclusion with regard to boards of education. Opinion to Ms. Constance S. Aune, Mobile County Board of Education, dated October 4, 1995, A.G. No. 96-00003. Moreover, this Office has stated that a citizen or entity is entitled to inspect a list of teachers and other board personnel. Opinion to Honorable John R. Key, Superintendent of Education, Pike County Board of Education, dated August 1, 1988, A.G. No. 88-00390.

The *Smith* and *Holmes* opinions clarify that names and titles may be obtained along with salary information. This principle is more fully developed in the *Payne* opinion, which considered a broad request for personnel data that

Honorable Donald B. Sweeney, Jr.
Page 3

included salaries. That opinion addressed the similar question of whether the
"information for each person [would] have to be specified by name rather than a
numerical percentage (e.g., ten percent of the employees have masters degrees
as opposed to listing every person's name who holds a masters degree)." *Payne*
at 4-5. The *Payne* opinion concluded that employee names are subject to
disclosure.

Finally, although your concern about the privacy rights of employees may
be valid, that is a matter for the Legislature to address. This Office has
explained, as follows, the analysis to engage in when faced with such concerns:

> [T]here are certain types of . . . information that are
> private and should not be disclosed. As stated above,
> there is "a presumption in favor of disclosure, and the
> burden is on the party seeking protection from
> disclosure." *Birmingham News Co. v. Perry*, 1993 WL
> 528446, 2 (Ala. Cir. 1993). However, "[c]ourts must
> balance the interest of the citizens in knowing what
> their public officers are doing in the discharge of
> public duties against the interest of the general public
> in having the business of government carried on
> efficiently and without undue interference." *Water
> Works and Sewer Bd. of City of Talladega*, 892 So. 2d
> at 865. "Recorded information received by a public
> officer in confidence, *sensitive personnel records*,
> pending criminal investigations, and records the dis-
> closure of which would be detrimental to the best
> interests of the public are some of the areas which may
> not be subject to public disclosure." *Birmingham
> News Co.*, 1993 WL 528446 at 2.

Opinion to Honorable William A. Meehan, President and Secretary of the Board
of Trustees, Jacksonville State University, dated April 3, 2007, A.G. No. 2007-
067 at 5 (emphasis added).

The *Payne*, *Smith*, and *Blackwell* opinions rejected application of the
exception for sensitive personnel records to compensation. As the *Smith*
opinion reasoned, "[w]e believe that *when balancing the interest of public
employees* against the rights of the general public to know what their
government is doing, then salary or other compensation data pertaining to a
public employee is a public record and is due to be disclosed." *Id.* at 2, *citing
Blackwell*.

Honorable Donald B. Sweeney, Jr.
Page 4

## CONCLUSION

The Hoover City Board of Education is required to disclose, by name, the compensation of employees under the Open Records Law.

I hope this opinion answers your question. If this Office can be of further assistance, please contact Ward Beeson of my staff.

Sincerely,

LUTHER STRANGE
Attorney General
By:


BRENDA F. SMITH
Chief, Opinions Division

LS/GWB

1932429/184671



UNITED STATES DEPARTMENT OF EDUCATION
OFFICE FOR CIVIL RIGHTS

61 FORSYTH ST., SOUTHWEST, SUITE 19T10
ATLANTA, GA 30303-8927

REGION IV
ALABAMA
FLORIDA
GEORGIA
TENNESSEE



████████na Morris ████
131████████Lane ▪
Annis████Alabama 3████07



Dear Ms. Morris:

███████████, the U.S. Department of Education (Department), Office for Civil
██████(OCR), received the above-referenced complaint that you filed against the
Randolph County School District (District), solely alleging individual employment
discrimination on the basis of race. Specifically, you allege that the District refuses to
consider you for positions for which you are qualified.

OCR enforces Title VI of the Civil Rights Act of 1964 (Title VI), 42 U.S.C. Sections
2000d et seq., and its implementing regulation, 34 C.F.R. Part 100, which prohibit
discrimination on the basis of race, color, or national origin in any program or activity
operated by a recipient of Federal financial assistance. Although the District receives
funds from the Department, government-wide regulations require us to refer your
complaint to the U.S. Equal Employment Opportunity Commission (EEOC). The EEOC
may have legal authority to investigate this complaint under Federal civil rights laws
governing employment, including Title VII of the Civil Rights Act of 1964, which
prohibits an employer from engaging in employment discrimination practices on the
bases of race, color, religion, sex, or national origin.

Accordingly, OCR has referred the above-referenced complaint to the following office of
the EEOC:

> U.S. Equal Employment Opportunity Commission
> Birmingham District Office
> Mr. Delner Franklin-Thomas, Director
> Ridge Park Place
> 1130 22nd Street South, Suite 2000
> Birmingham, AL 35205
> Telephone: (800) 669-4000
> Fax: (205) 212-2105
> Office Hours: Monday-Friday 8:00 a.m. - 4:30 p.m.
> Website: www.eeoc.gov

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness
by fostering educational excellence and ensuring equal access.*