IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KATRINA MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:17-cv-561-WKW-GMB |
| | ) | [WO] |
| RANDOLPH COUNTY BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

# **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On August 18, 2017, *pro se* Plaintiff Katrina Morris filed a complaint against Defendant Randolph County Board of Education ("Randolph County BOE") alleging claims for race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and for "early leave during pregnancy." Doc. 1. She also moved for leave to proceed with her lawsuit *in forma pauperis*. Doc. 2.

Morris's complaint was initially filed in the Southern Division of the Southern District of Alabama but was transferred to the Eastern Division of this court. Docs. 3 & 4. The case was then referred to the undersigned United States Magistrate Judge for further proceedings and determination or recommendation as may be appropriate. Doc. 6.

After reviewing Morris's motion for leave to proceed *in forma pauperis*, the court ordered her to pay the $400 filing fee no later than September 25, 2017, as her *in forma*

*pauperis* application showed that she has a combined monthly income[1] of $4,400 and that her assets exceed her liabilities by approximately $30,000. Doc. 2. The docket sheet indicates that Morris received this order on September 12, 2017. Doc. 8. Nevertheless, to date, Morris has not paid any portion of the filing fee and has not moved for an extension of time to pay the filing fee.

Accordingly, due to Morris's failure to comply with the orders of the court and failure to prosecute this action by paying the filing fee, as directed, the undersigned recommends, through its inherent powers, that this case be dismissed without prejudice. *See Hicks v. Stewart*, 2014 WL 6851461, at *1 (S.D. Ala. Dec. 3, 2014) (citing *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and to provide for the efficient disposition of litigation); *Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337–38 (11th Cir. 2005) (discussing dismissals pursuant to the court's inherent power and dismissals based on Rule 41(b) of the Federal Rules of Civil Procedure and concluding that only a dismissal with prejudice requires findings of contumacious conduct and that lesser sanctions will not suffice)).

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation no later than **October 24, 2017**. Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be

---

[1] *See Crossley v. Armstrong Homes, Inc.*, 2014 WL 12617584, at *1 (M.D. Fla. Dec. 4, 2014) (holding that when resolving a motion for leave to proceed *in forma pauperis* a court may consider the income of a plaintiff's spouse).

considered by the district court. The parties are advised that this report and recommendation is not a final order of the court, and therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the district court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 10th day of October, 2017.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE